```
                                                         FILED by ___YH___ D.C.
         UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF FLORIDA                    Jan 14, 2021
         21-60011-CR-SINGHAL/SNOW
         CASE NO. _____                 ANGELA E. NOBLE
                                                         CLERK U.S. DIST. CT.
                 18 U.S.C. § 1201(c)                     S.D. OF FLA. - MIAMI
                 18 U.S.C. § 1201(a)(1)
                 18 U.S.C. § 2113(a)
                 18 U.S.C. § 924(c)(1)(A)
```

UNITED STATES OF AMERICA

vs.

**KEJUAN BRANDON CAMPBELL,**
  a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
  a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
  a/k/a "Dionte Alexander,"
  a/k/a "Trap Savage,"

                    Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Conspiracy to Kidnap**
**(18 U.S.C. § 1201(c))**

From on or about October 11, 2020, through on or about October 12, 2020, in Broward and Miami-Dade Counties, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**
  a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
  a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
  a/k/a "Dionte Alexander,"
  a/k/a "Trap Savage,"

did knowingly and willfully combine, conspire, confederate, and agree with each other to commit an offense against the United States, that is, to unlawfully seize, confine, kidnap, abduct, and carry away and hold any person, that is, Victim-1 and Victim-2, for reward and otherwise, and did use any means,

facility, and instrumentality of interstate commerce, that is, a cellular device, the internet, and a motor vehicle, in furtherance of this offense, in violation of Title 18, United States Code, Section 1201(a).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for the defendants to unlawfully enrich themselves by seizing, confining, kidnapping, abducting, and carrying away Victim-1, and by seizing and confining Victim-2, until the defendants obtained approximately twenty thousand dollars ($20,000.00) in United States currency.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its purpose, at least one of the conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about October 11, 2020, **KEJUAN BRANDON CAMPBELL, ANTONIO CHARLES JAMES, and DIONTE ALEXANDER-WILCOX** forcefully entered the residence of Victim-1 and Victim-2 (collectively, the "Victims") while the Victims were present in order to steal approximately twenty thousand dollars ($20,000.00) in United States currency and in doing so, wore masks and brandished firearms.

2. On or about October 11, 2020, while inside the Victims' residence, **KEJUAN BRANDON CAMPBELL** directed Victim-1 to contact her bank, the Truist Bank d/b/a SunTrust Bank, and transfer approximately twenty thousand dollars ($20,000.00) in United States currency from the Victims' joint savings account into the Victims' joint checking account.

3. On or about October 11, 2020, after the financial transaction was complete, one of the conspirators installed Cash App, an Internet-based money transfer application, onto Victim-1's phone

2

without Victim-1's permission in order to transfer the money into an account registered to **ANTONIO CHARLES JAMES JR**. The attempt to transfer the money was unsuccessful.

4. On or about October 11, 2020, **KEJUAN BRANDON CAMPBELL** forced Victim-1 to write four (4) personal checks from the Victims' joint checking account, each one for five thousand dollars ($5,000.00) in United States currency, and one (1) check for twenty thousand dollars ($20,000.00) in United States currency.

5. On or about October 11, 2020, **KEJUAN BRANDON CAMPBELL** drove to the Amscot, located at 314 N. University Drive, Pembroke Pines, Florida, in order to cash the checks that Victim-1 had written; however, Amscot declined the transaction.

6. On or about October 11, 2020, after Amscot had declined the transaction, **KEJUAN BRANDON CAMPBELL** returned to the residence, ordered Victim-1 to enter a Nissan Altima and go with him to the same Amscot in order to cash the checks while **ANTONIO CHARLES JAMES JR.** and **DIONTE ALEXANDER-WILCOX** held Victim-2 at gunpoint in the Victims' residence.

7. On or about October 11, 2020, after returning to the Amscot, **KEJUAN BRANDON CAMPBELL** ordered Victim-1 to accompany him into the store and be present while he tried to cash the checks; however, Amscot still declined the transaction.

8. On or about October 11, 2020, **KEJUAN BRANDON CAMPBELL** and Victim-1 left the Amscot in the Nissan Altima and went to the Publix, located at 600 N. University Drive, Pembroke Pines, Florida, in order to purchase twenty thousand dollars ($20,000.00) in money orders with Victim-1's debit card; however, Publix declined to transaction.

9. On or about October 12, 2020, after all three conspirators remained overnight at the Victims' residence without their consent, **KEJUAN BRANDON CAMPBELL** ordered Victim-1 into

3

the Nissan Altima in order to go to the bank while **ANTONIO CHARLES JAMES JR.** and **DIONTE ALEXANDER-WILCOX** held Victim-2 at gunpoint in the Victims' residence.

10. On or about October 12, 2020, **KEJUAN BRANDON CAMPBELL** drove Victim-1 to the Truist Bank d/b/a "SunTrust Bank," located at located at 8250 Miramar Parkway, Miramar, Florida; however, the bank was closed.

11. On or about October 12, 2020, **KEJUAN BRANDON CAMPBELL** drove Victim-1 to the Truist Bank d/b/a "SunTrust Bank," located at located at 10000 Taft Street, Pembroke Pines, Florida; however, upon learning that this bank was also closed, **CAMPBELL** used the Internet to find out why the banks were closed and learned that it was a federal holiday.

12. On or about October 12, 2020, **KEJUAN BRANDON CAMPBELL** and Victim-1 went to the Miami Casino, located at 3500 NW 37th Avenue, Miami, Florida, in order to use Victim-1's debit card to obtain twenty thousand dollars ($20,000.00) in United States currency; however, the casino declined the transaction.

13. On or about October 12, 2020, **KEJUAN BRANDON CAMPBELL** and Victim-1 went to the Walmart, located at 3200 NW 79th Street, Miami, Florida, in order to use Victim-1's SunTrust Debit Card to obtain twenty thousand dollars ($20,000.00) in United States currency; however, the Walmart declined the transaction.

14. On or about October 12, 2020, **KEJUAN BRANDON CAMPBELL** and Victim-1 returned to the Victims' residence where **CAMPBELL** directed Victim-1 to contact Truist Bank d/b/a "SunTrust Bank" and increase her ATM withdrawal limit. Truist Bank d/b/a "SunTrust Bank" granted the request.

15. On or about October 12, 2020, after SunTrust Bank increased Victim-1's ATM withdrawal limit, **KEJUAN BRANDON CAMPBELL** and Victim-1 went to the Truist Bank d/b/a

4

"SunTrust Bank," located at 8250 Miramar Parkway, Miramar, Florida, where **CAMPBELL** used Victim-1's debit card to withdraw approximately two thousand one hundred dollars ($2,100.00) in United States currency.

16. On or about October 12, 2020, after SunTrust Bank increased Victim-1's ATM withdrawal limit, **KEJUAN BRANDON CAMPBELL** and Victim-1 went to the Truist Bank d/b/a "SunTrust Bank," located at 10000 Taft Street, Pembroke Pines, Florida, where **CAMPBELL** used Victim-1's debit card to withdraw approximately three thousand seven hundred dollars ($3,700.00) in United States currency.

17. On or about October 12, 2020, after SunTrust Bank increased Victim-1's ATM withdrawal limit, **KEJUAN BRANDON CAMPBELL** and Victim-1 went to the Truist Bank d/b/a "SunTrust Bank," located at 4475 S. Flamingo Road, Davie, Florida, where **CAMPBELL** used Victim-1's debit card to withdraw approximately fifteen thousand eight hundred dollars ($15,800.00) in United States currency.

18. On or about October 12, 2020, after obtaining approximately twenty-one thousand six hundred dollars ($21,600.00) in total from the Victims, **KEJUAN BRANDON CAMPBELL** drove Victim-1 back to the Victims' residence and he, **ANTONIO CHARLES JAMES JR.**, and **DIONTE ALEXANDER-WILCOX** departed.

All in violation of Title 18, United States Code, Section 1201(c).

**COUNT 2**
**Kidnapping**
**(18 U.S.C. §§ 1201(a)(1) and 2)**

From on or about October 11, 2020, through on or about October 12, 2020, in Broward and Miami-Dade Counties, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**

a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did willfully and unlawfully seize, confine, kidnap, abduct, and carry away and hold any person, that is, Victim-1, for reward and otherwise, and did use any means, facility, and instrumentality of interstate commerce, that is, a cellular device, the internet, and a motor vehicle, in furtherance of this offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 3
### Kidnapping
### (18 U.S.C. §§ 1201(a)(1) and 2)

From on or about October 11, 2020, through on or about October 12, 2020, in Broward County, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**
a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did willfully and unlawfully seize and confine and hold any person, that is, Victim-2, for reward and otherwise, and did use any means, facility, and instrumentality of interstate commerce, that is, a cellular device and the internet, in furtherance of this offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 4
## Bank Robbery
## (18 U.S.C. §§ 2113(a) and 2)

On or about October 12, 2020, in Broward County, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**
a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did knowingly take, by force, violence, and intimidation, from the person and presence of another, that is, Victim 1, approximately two thousand one hundred dollars ($2,100.00) in United States currency, belonging to, and in the care, custody, control, management, and possession of Truist Bank d/b/a "SunTrust Bank," located at 8250 Miramar Parkway, Miramar, Florida, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a) and 2.

## COUNT 5
## Carrying a Firearm in Relation to a Crime of Violence
## (18 U.S.C. §§ 924(c)(1)(A) and 2)

On or about October 12, 2020, in Broward County, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**
a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did knowingly carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendants may be prosecuted in the United States, that is, a violation of Title 18, United States Code, Sections 2113(a) and 2, as set forth in Count 4 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 6
## Bank Robbery
## (18 U.S.C. §§ 2113(a) and 2)

On or about October 12, 2020, in Broward County, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**
a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did knowingly take, by force, violence, and intimidation, from the person and presence of another, that is, Victim 1, approximately three thousand seven hundred dollars ($3,700.00) in United States currency, belonging to, and in the care, custody, control, management, and possession of Truist Bank d/b/a "SunTrust Bank," located at 10000 Taft Street, Pembroke Pines, Florida, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a) and 2.

## COUNT 7
## Carrying a Firearm in Relation to a Crime of Violence
## (18 U.S.C. §§ 924(c)(1)(A) and 2)

On or about October 12, 2020, in Broward County, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**
a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did knowingly carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendants may be prosecuted in the United States, that is, a violation of Title 18, United States Code, Sections 2113(a) and 2, as set forth in Count 6 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 8
### Bank Robbery
### (18 U.S.C. §§ 2113(a) and 2)

On or about October 12, 2020, in Broward County, in the Southern District of Florida, the defendants,

**KEJUAN BRANDON CAMPBELL,**
a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did knowingly take, by force, violence, and intimidation, from the person and presence of another, that is, Victim 1, approximately fifteen thousand eight hundred dollars ($15,800.00) in United States currency, belonging to, and in the care, custody, control, management, and possession of Truist Bank d/b/a "SunTrust Bank," located at 4475 S. Flamingo Road, Davie, Florida, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a) and 2.

## COUNT 9
### Carrying a Firearm in Relation to a Crime of Violence
(18 U.S.C. §§ 924(c)(1)(A) and 2)

On or about October 12, 2020, in Broward County, in the Southern District of Florida, the defendant,

**KEJUAN BRANDON CAMPBELL,**
a/k/a "Splash Zanotti,"
**ANTONIO CHARLES JAMES JR.,**
a/k/a "Yung Fokiss," and
**DIONTE ALEXANDER-WILCOX,**
a/k/a "Dionte Alexander,"
a/k/a "Trap Savage,"

did knowingly carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, for which the defendants may be prosecuted in the United States, that is, a violation of Title 18, United States Code, Sections 2113(a) and 2, as set forth in Count 8 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **KEJUAN BRANDON CAMPBELL a/k/a "Splashzanotti" a/k/a "Splashzanoti," ANTONIO CHARLES JAMES JR. a/k/a "Yung Fokiss," and DIONTE ALEXANDER-WILCOX a/k/a "Dionte Alexander" a/k/a "Trap Savage,"** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1201 or 2113, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 924(c), or any other criminal law of the United States, as alleged in this Indictment, the defendants shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Section 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

*Thomas J. Mulvihill for*
_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
AJAY J. ALEXANDER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KEJUAN BRANDON CAMPELL,
ET. AL,

Defendants

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

| | | | |
|---|---|---|---|
| New defendant(s) | Yes ___ | No ___ |
| Number of new defendants | ___ |
| Total number of counts | ___ |

**Court Division**: (Select One)
- ___ Miami
- ___ Key West
- ✓ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect   _____

4. This case will take **6-7** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | ___ |
   | II | 6 to 10 days | ✓ |
   | III | 11 to 20 days | ___ |
   | IV | 21 to 60 days | ___ |
   | V | 61 days and over | ___ |

   (Check only one)

   | | |
   |---|---|
   | Petty | ___ |
   | Minor | ___ |
   | Misdem. | ___ |
   | Felony | ✓ |

6. Has this case previously been filed in this District Court?   (Yes or No) ___
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes: Magistrate Case No.   20-mj-6653-VALLE
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of   12/17/2020 (Campbell and Wilcox), 12/28/2020 (James)
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ___   No ✓

_____
AJAY J. ALEXANDER
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DIONTE ALEXANDER-WILCOX

**Case No:** _____

Count #: 1

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

**\*Max. Penalty:** Life Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

Counts #: 2-3

Kidnapping

Title 18, United States Code, Sections 1201(a)(1) and 2

**\*Max. Penalty:** Life Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

Counts #: 4, 6, 8

Bank Robbery

Title 18, United States Code, Sections 2113(a) and 2

**\*Max. Penalty:** 20 Years' Imprisonment; $250,000 Fine; and 3 Years' Supervised Release

Counts #: 5, 7, 9

Possession of a Firearm During a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)

**\*Max. Penalty:** Consecutive 5 Years' Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** KEJUAN BRANDON CAMPBELL

**Case No:** _____

Count #: 1

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

*__Max. Penalty:__ Life Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

Counts #: 2-3

Kidnapping

Title 18, United States Code, Sections 1201(a)(1) and 2

*__Max. Penalty:__ Life Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

Counts #: 4, 6, 8

Bank Robbery

Title 18, United States Code, Sections 2113(a) and 2

*__Max. Penalty:__ 20 Years' Imprisonment; $250,000 Fine; and 3 Years' Supervised Release

Counts #: 5, 7, 9

Possession of a Firearm During a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)

*__Max. Penalty:__ Consecutive 5 Years' Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ANTONIO CHARLES JAMES JR.

**Case No:** _____

Count #: 1

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

*__Max. Penalty:__ Life Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

Counts #: 2-3

Kidnapping

Title 18, United States Code, Sections 1201(a)(1) and 2

*__Max. Penalty:__ Life Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

Counts #: 4, 6, 8

Bank Robbery

Title 18, United States Code, Sections 2113(a) and 2

*__Max. Penalty:__ 20 Years' Imprisonment; $250,000 Fine; and 3 Years' Supervised Release

Counts #: 5, 7, 9

Possession of a Firearm During a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)

*__Max. Penalty:__ Consecutive 5 Years' Imprisonment; $250,000 Fine; and 5 Years' Supervised Release

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

CASE SUMMARY

AUSA   **Ajay J. Alexander**

1. Case Name:   **United States of America vs. Kejuan Brandon Campbell, et al.**

2. Number of Defendants: 3

3. Number of Counts: 9

4. Are there any arrest warrants? NO

5. Is there a motion to seal the indictment? NO